### Press Logan v. The State.

No. 3847. Decided June 24, 1908.

**1.—Murder—Constitutional Law—Jury Law—Jury Wheel—Class Legislation.**

The Act of the Thirtieth Legislature with reference to summoning and empanelling grand and petit jurors is not violative of section 56, article 3 of the Constitution of the State of Texas, and is a general law applicable to certain cities in Texas, and is not a special law or class legislation; and the county which has two cities which aggregate a population of twenty thousand comes within the scope of this act. Davidson, Presiding Judge, dissenting.

**2.—Same—Special Venire—Sheriff's Return.**

Where upon trial for murder, a motion was made to quash the list of special veniremen and the return of the sheriff thereon, and the evidence upon said motion did not show that degree of diligence which the law required to secure the attendance of said veniremen, and that the court did not postpone the case until the sheriff could have made the summons, the motion to quash should have been sustained, and there was reversible error. Following Horn v. State, 50 Texas Crim. Rep., 404.

Appeal from the District Court of Grayson. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of murder in the second degree; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Freeman & Batsell,* for appellant:—On question of unconstitutionality of law. Article 3, section 56, Texas Constitution: Smith v. Grayson County, 44 S. W. Rep., 921; Lewis-Sutherland Stat. Construction, sec. 200; City of Topeka v. Gelletti, 4 Pac., 800; Dunne v. Ry. Co., 32 S. W. Rep., 641; Coombs v. Block, 32 S. W. Rep., 1139; Glover v. Meinrath, 34 S. W. Rep., 72; McMahan v. Pac. Ex. Co., 34 S. W. Rep., 479; Cox v. State, 8 Texas Crim. App., 254; State v. Wafford, 25 S. W. Rep., 851; Cordova v. State, 6 Texas Crim. App., 207; Orr v. Rhine, 45 Texas, 345; State v. Justice, etc., 1 S. W. Rep., 307; Young v. State, 51 Texas Crim. Rep., 365; 102 S. W. Rep., 117; Dallas v. Western Elec. Co., 83 Texas, 243; Association v. Pierre, 31 S. W. Rep., 426. On question of motion to quash special venire: Clay v. State, 40 Texas Crim. Rep., 593; Horn v. State, 50 Texas Crim. Rep., 404; Brown v. State, 65 S. W. Rep., 912.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of murder in the second degree and his punishment assessed at fifteen years confinement in the State penitentiary.

Bill of exceptions No. 1 complains that the court erred in failing to quash the panel of jurors presented him from which to select a jury to try said cause for the following reasons, to wit: Because chapter 139, page 269 of the Acts of the Thirtieth Legislature is unconstitutional and void; that the same is violative of section 56 article 3 of the Constitution of the State of Texas, which prohibits the enactment of any local or special law touching the summoning or empaneling of grand or petit jurors; that said law is in the nature of a special and local law; that said law is unconstitutional in that it lists the names of all jurors for jury duty for a period of two years, and excludes from jury all other qualified jurors who may become of age, or acquire citizenship within said two years and after said lists were made up, and thereby denies to the citizens the right to serve upon the jury, and denies to the litigant the right to select jurors from the qualified jurors of the county; that said law is discriminatory and is made applicable only to counties having cities aggregating 20,000 population according to the census of 1900, and thereby limits and restricts the operation of said law to counties of a class and excludes from the operation of said law counties as a class that may hereafter or now, or at any time since the census of 1900 have cities aggregating 20,000 in population. Furthermore, that Grayson County does not contain a city of aggregate population of 20,000. The bill further shows that there is no city in Grayson County which contains 20,000 population but the two cities of Sherman and Denison together contain an aggregate population of more than 20,000. Section 1 of said act reads as follows: "That between the 1st and 15th day of August, A. D., 1907, and between said dates every two years thereafter, in all counties in this State having a city or cities therein containing a population aggregating twenty thousand (20,000) or more people, as shown by the United States census of the year 1900, the tax collector or one of his deputies, and the tax assessor, or one of his deputies, and the sheriff, or one of his deputies, and the county clerk, or one of his deputies, and the district clerk, or one of his deputies, shall meet at the courthouse of the county and select from the qualified jurors of the county the jurors for service in the district and county courts in such county for the ensuing two years, in the manner as hereinafter provided." The bill of exceptions shows that while Grayson County has no one city of the aggregate population of twenty thousand, yet it has two cities which aggregate twenty thousand and, hence, comes within the terms and provisions of said law. The validity of this statute was discussed by us at great length in the case of Bob Smith v. State, decided during the present term of this court. In addition to the authorities there cited, as to what is a special law, we wish to

cite a few others. In the first place, a court must resolve all doubt as to the constitutionality of a law in favor of its constitutionality. In passing upon this question Judge Cooley, in his work on Constitutional Limitations, used the following language: "It has been said by an eminent jurist, that when courts are called upon to pronounce the invalidity of an act of legislation, passed with all the forms and ceremonies requisite to give it the force of law, they will approach the question with great caution, examine it in every possible aspect, and ponder upon it as long as deliberation and patient attention can throw any new light upon the subject, and never declare a statute void, unless the nullity and invalidity of the act are placed, in their judgment, beyond reasonable doubt. A reasonable doubt must be solved in favor of the legislative action, and the act be sustained. * * *

"The constitutionality of a law, then, is to be presumed, because the Legislature, which was first required to pass upon the question, acting as they must be deemed to have acted, with integrity, and with a just desire to keep within the restrictions laid by the Constitution upon their action, have adjudged that it is so. They are a co-ordinate department of the government with the judiciary, invested with very high and responsible duties, as to some of which their acts are not subject to judicial scrutiny, and they legislate under the solemnity of an official oath, which it is not to be supposed they will disregard. It must, therefore, be supposed that their own doubts of the constitutionality of their action has been deliberately solved in its favor, so that the courts may with some confidence repose upon their conclusion, as one based upon their best judgment." Cooley on Constitutional Limitations, pp 216–217. In the case of State v. Corson, 50 Atlantic Reporter, 780, it was held that, "A statute is not *special* or *local* within the meaning of the Constitution, merely because it prohibits the doing of a thing in a particular locality; but is *general* if it applies equally to *all* citizens, and deals with a matter of *general* concern." See also Doughtrey v. Conover, 42 N. J. Law (13 Vroom), 193. In an opinion delivered by Associate-Justice Bookhout in the case of Smith v. Grayson County, 18 Texas Civ. App., p. 133, in discussing section 56, article 3, of the Constitution, held, "That where this prohibition applies— i. e., no local law shall be passed where a general law can be made applicable—that it is the sole province of the Legislature to determine whether or not a general law can be made applicable," citing various authorities. Therefore, it is a matter under the last cited authority for the sound discretion of the Legislature to determine, whether a general law can make an emergency that the Legislature is seeking to legislate upon. If it lies within the sole province of the Legislature to pass upon it, then this court certainly is absolved from any decision of the question. We note the Supreme Court refused a writ of error in this case. See also Williams v. People, 24 N. Y., 405. "A law may be *general* without being *universal*." McKeon v. Summer Building & Supply Co., 26 Southern Reports, 430. In that case a law was under

review, which provided that contracts in certain cases should be made in a certain way in cities having not less than ten thousand inhabitants and the same was held to be not a local or special law. The suggestion that it is a discrimination against jurors that may become qualified within the two years that the list of jurors is made up for, is without merit. It follows, therefore, that the law is a general law applicable to certain cities in Texas, and any law is a general law, as stated in the Smith case above cited, that applies to all the citizens or the locality, within the contemplation of the Constitution.

In addition to the motion to quash the venire on account of its unconstitutionality, motion was made to quash the list of special jurors named in this cause and the return of the sheriff of Grayson County thereon for the following reasons, to wit:

I. Eighteen of the fifty special jurors purported to have been drawn in this cause to serve as special jurors in accordance with the law have not been summoned to appear as shown by the sheriff's return, which said return is hereby referred to and made a part hereof. The said twenty-seven jurors, or a large part of the same, could have by the use of reasonable diligence on the part of said sheriff, been summoned to appear as jurors herein.

II. The said return shows that the following named persons are reported out of the county, namely: R. B. Mudge, R. W. Johnson, C. W. Nelson, C. C. Joy and N. H. Nelson. The defendant is informed and believes, and upon information here charges that the said jurors could have been found and served as special jurors in this cause by the sheriff of this county by the use of reasonable diligence; that said jurors are resident citizens of Grayson County, Texas, and are qualified under the law and Constitution of said State as special jurors in said cause, all of whom were duly selected in the manner provided by law as special jurors herein.

III. The said return shows that the following names are reported not found, namely: H. C. Helvey, Will Shelton, E. H. Atkinson, W. M. Hall, I. M. Hilburn, J. F. Holland, W. M. ...., J. S. Meier, M. H. Haugh, W. L. Wilson, S. P. Clements, W. T. Rice, and W. ..... The said return does not show by whom, or in what method the said jurors are reported to be out of the county. This defendant is informed and believes, and upon such information and belief here charges, that the persons last named are each and all resident citizens of Grayson County, Texas, and qualified under the laws and Constitution of said State as jurors in this cause and that they and each of them are now and were at the time of said return, to wit: on the 23rd day of November, 1907, in said county of Grayson and could each and all have been served by the exercise of due diligence on the part of the sheriff of said county.

IV. Because the said return of said sheriff does not show that the said sheriff has exercised any diligence whatever to summon the said persons absent as aforesaid as special jurors in this cause and said return

does not show in any manner what, if any, diligence he had employed to serve the said persons as such special jurors..

V. The said return is incorrect in that some of the special jurors who were actually served are by said return reported not served and out of the county, or not found. This is especially true in regard to .... who is present.

VI. In reference to all of said persons not found and out of the county in said return, the defendant is informed, and believes, and upon such information and belief here charges that all resident citizens of said county qualified to vote in said county, exclusive of the legal requirements in regard to the payment of poll taxes; each and all are either householders in said county, or freeholders in said State and are each and all able to write and each and all have all other legal requirements as special jurors. The defendant offers to verify by legal testimony the truth of said allegations.

In support of said motion and upon the hearing thereof, the defendant offered in evidence the venire list and the officer's return thereon. The defendant also offered in evidence the testimony of J. H. Taylor, who, upon his oath, testified:

"I am deputy district clerk of Grayson County and as such I assisted in the selection of the names of jurors to be placed in the jury wheel. We had the tax rolls before us and did not select the name of any person as a juror, or place the name of any person in said wheel whose name did not appear in said tax roll." C. T. Freeman testified: "I know E. H. Atkinson and Will Shelton whose names appear upon the return of the sheriff upon the venire as not found. Will Shelton lives about ten miles west of Sherman, near Southmayd; E. H. Atkinson lives about six miles southeast of Sherman, and in the neighborhood of Luella. They are both qualified as jurors. Will Shelton has resided near Southmayd, to my knowledge, for more than ten years. E. H. Atkinson has lived at Ida, Kentucky Town and near Luella, to my knowledge, for more than twenty years." Afterwards E. H. Atkinson reported for jury service, he having been attached and brought in upon the order of the court. Being examined under his oath, he testified that he had never received any other notice as juror than the attachment and that he lived at his home, near Luella, and had not been out of the county for a number of months.

After hearing the testimony and being advised as to the contents of said motion, the court, in all things overruled the same, to which action of the court the defendant then and there excepted, in open court and here tenders this, his bill of exceptions No. 2, and prays that the same be approved and made a part of the record in this cause. (Signed) "Freeman & Batsell, Attys., for Deft."

The above bill is allowed with the following qualifications: "That when the defendant was required to select a jury there were present of the venire list eleven of the venire. That during the time of the examination of this number of men, two of the venire were brought in and

presented to the defendant. That during the examination of the venire and before the selection of a jury and previous to the announcement of ready, there had been excused by both sides, thirteen members of the venire, and of the venire list, it was shown in the court that no such men as the following lived in the sections as shown by the venire list: H. C. Helvy, Howe; M. J. Hugh, Whitesboro; J. L. Meyer, Tioge; I. M. Hilburn, Van Alstyne, and W. D. Auglond, Farmington, and S. P. Clements, Sherman. It is also shown by the return of the venire list, that the following parties were out of the county: C. C. Joy, Denison; N. H. Nelson, Denison; C. W. Nelson, Whitewright; R. W. Johnson, Gunter, and R. B. Mudge and W. S. Jenkins, Belle; one other party was marked not found on the return, to wit: E. H. Atkinson, was during the trial and before the selection of the jury found and presented to the defendant as a juror, but the defendant refused to examine him. When the list was first given to the defendant, the court ordered an attachment for the absent jurors, and it shows that of the list of fifty, that thirty-nine were accounted for, in those present, those excused, those who had moved out of the county, and those names under which no person could be found or was known to live in sections from which they were drawn."

This motion should have been sustained. It does not show that degree of diligence to secure the attendance of the venire which the law requires. For a discussion of this matter see Horn v. State, 50 Texas Crim. Rep., 404; 97 S. W. Rep., 822. The law demands that when a venire is ordered, they should be properly summoned by the sheriff, as required by the statute. In this case a venire of fifty men was ordered and about eleven were present, and the diligence, above stated, is not such as the law requires. The court when this condition was made apparent by the motion should have postponed the case until the sheriff could have time to summon the venire, or should have quashed the venire, and ordered another one summoned.

For the error of the court in failing to quash the venire, the judgment in this case is reversed and the cause remanded.

*Reversed and remanded.*

DAVIDSON, PRESIDING JUDGE.—I agree to the reversal on the ground stated. The judgment should also be reversed because of the unconstitutionality of the Act of the Thirtieth Legislature commonly known as the "jury wheel law." I have heretofore stated, in a general way, a few reasons in Bob Smith's case, decided at the present term, for believing said act is void.