# JUNE, 1915

### Ex Parte A. H. Mitchell.

#### No. 2633. Decided June 23, 1915.*

**1.—Constitutional Law—Pool Halls.**

The Act of March 31, 1913, Laws, 33d Leg., ch. 74, p. 136, prohibiting the keeping of pool or billiard halls in territory where the voters should elect to put such law in operation, is unconstitutional and void; and one arrested for violating it is entitled to discharge on habeas corpus. State v. Swisher, 17 Texas, 441, followed. (Pp. 12, 13.)

**2.—Same—Delegating Legislative Power.**

The Legislature, having the power of enacting laws imposed on it by the Constitution, can not delegate that power to the voters of a limited territory by authorizing them to adopt and put in force by popular vote therein a law not otherwise operative. (Pp. 12, 13.)

**3.—Same—Suspending Laws.**

The exercise of the power of suspending laws, except by the Legislature, is prohibited by the Constitution (art. 1, sec. 28). This renders invalid the delegating to the voters of a restricted territory, except where the Constitution specially authorizes it, the power to adopt, by local option election, a law prohibiting in such territory an occupation licensed by the general laws of the State, it being a suspension of such general laws by a power other than the Legislature. (P. 13.)

**4.—Same—Dissenting Opinion.**

Mr. Justice Hawkins, dissenting, maintains the constitutionality of the pool hall law in question. (P. 13.)

Original proceeding in the Supreme Court on writ of habeas corpus obtained by the relator against the sheriff of McLennan County. Mitchell

---

*Note by Reporter.—This case was not reported in previous volumes because of the announcement that the judges would subsequently file opinions therein more fully stating their views. A contrary ruling on the precise question had previously been made by the Court of Criminal Appeals (Ex parte Francis, 72 Texas Crim., 304, 165 S. W., 147). That court has since receded from the view and conformed its rulings to those of the Supreme Court (Lyle v. State, 80 Texas Crim., 606, 193 S. W., 680). The same question is involved in another case pending in the Supreme Court, and it is assumed that if fuller discussion of the matter by this court is deemed necessary, it would be made therein, and not by way of supplement to these opinions, and that these should now be reported.

*Lightfoot, Brady & Robertson* and *Williams & Williams,* for relator.— The said pool hall statute, passed by the Thirty-third Legislature of Texas, is unconstitutional and void, because it involves a delegation by the Legislature, to the voters in counties and subdivisions thereof, of the power to suspend laws of the State, and also a delegation of the power to make laws. Const., art. 1, sec. 28; art. 2, sec. 1; art. 3, sec. 1; State v. Swisher, 17 Texas, 441; Willis v. Owens, 43 Texas, 41; Ex parte Farnsworth, 135 S. W., 538; Jannin v. State, 42 Texas Crim., 631; T. & P. Ry. Co. v. Mahaffey, 98 Texas, 395; McDonald v. Denton, 132 S. W., 825; Werner v. City of Galveston, 72 Texas, 22; Ex parte Massey, 49 Texas Crim., 67; Coombs v. State, 38 Texas Crim., 648; Burton v. DuPre, 46 S. W., 272; Brown Cracker Co. v. City of Dallas, 104 Texas, 290, 137 S. W., 342; cases cited in Harris' Const., under art. 1, sec. 28; Ex parte Wall, 48 Cal., 279, 17 Am. Rep., 425; State v. Weir, 33 Iowa, 134, 11 Am. Rep., 115; Barto v. Himrod, 4 Seld., N. Y., 483, 59 Am. Dec., 506; Parker v. Commonwealth, 6 Pa. St., 507, 47 Am. Dec., 480; Ex parte Mills, 79 S. W., 555; Wright v. Cunningham, 91 S. W., 293; Lammert v. Lidwell, 62 Mo., 188, 21 Am. Rep., 411; Gebrick v. State, 5 Iowa, 491; Bradshaw v. Lankford, 73 Md., 428, 11 L. R. A., 582; In re Municipal Suff. to Women (Mass.), 23 L. R. A., 113; People v. Bennett, 29 Mich., 451, 18 Am. Rep., 107. Seemingly contra: Johnson v. Martin, 75 Texas, 33; Stanfield v. State, 83 Texas, 317; City of San Antonio v. Jones, 28 Texas, 19.

*B. F. Looney,* Attorney General, and *W. A. Keeling,* Assistant, for the State, cited: Brown v. Buzan, 24 Ind., 195; Ex parte Francis, 72 Texas Crim., 304; Roper & Gilley v. Lumpkin, 163 S. W., 110; Chicago T. T. Ry. Co. v. Greer, 223 Ill., 104, 114 Am. St., 313, and note; State v. Pond, 93 Mo., 606, 6 S. W., 469; State ex rel. Ebert v. London, 40 L. R. A. (N. S.), 195; State v. Atlantic C. L. Ry. Co., 32 L. R. A., 639.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The case presents the question of the constitutionality of the referendum Act of the Thirty-third Legislature, authorizing the qualified voters of any county, or certain political subdivisions of a county, to determine by an election whether pool rooms or pool halls should be prohibited therein, and making it an offense to there operate or maintain them if the result of the election be in favor of their prohibition.

The constitutionality of the Act is assailed upon two grounds: 1. That it amounts to a delegation by the Legislature of its own legislative power, imposed upon it by the Constitution, which it, alone, must exer-

cise and which it may not commit to any other agency.   2.   That it authorizes the suspension of a general law of the State by the voters of a county, or subdivision of a county, namely, the statute licensing the operation of pool halls generally within the State, in violation of article 1, section 28, of the Constitution, which is, "No power of suspending laws in this State shall be exercised except by the Legislature,—" an amendment of previous Constitutions which permitted such suspension under "the authority" of the Legislature.

The Act is plainly unconstitutional, in our opinion, for both of these reasons.   We largely rest our decision as to the first question upon State v. Swisher, 17 Texas, 441, where an Act of the Legislature in no way dissimilar in its effect from this one, was, upon this ground, held unconstitutional by the first Supreme Court of the State.   That decision has never been overturned, and is the law upon the question. The second question is equally well settled, according to our view, by Brown Cracker & Candy Co. v. The City of Dallas, 104 Texas, 290, 137 S. W., 342.

A full opinion in the case will be later filed, the preparation of which has been prevented by the approaching close of the term.   This, however, indicates the ground of·the decision.

The relator is discharged from custody.

(Mr. Associate Justice Hawkins dissents and will later express his views.)

MR. JUSTICE HAWKINS filed the following dissenting opinion:

State v. Swisher, 17 Texas, 441, was decided after the statute there in question had been repealed.   The judgment therein merely dismissed the appeal because the record was defective.   This court therein declared that it had not exhaustively investigated the question as to the constitutionality of that statute, and contented itself with the assertion of a proposition of law which nobody, anywhere, denies—that the Legislature can not delegate its legislative powers.

The question in the case at bar is, has the Legislature done that in this pool hall statute?

In my opinion the decision of the majority herein is contrary to the settled decisions of this court and of the Court of Criminal Appeals, and to the clear and great weight of authority—decisions and text-books— throughout the United States.   San Antonio v. Jones, 28 Texas, 32, decided prior to the adoption of our present Constitution; Werner v. Galveston, 72 Texas, 27, 7 S. W., 727; Johnson v. Martin, 75 Texas, 38; Stanfield v. State, 83 Texas, 321, 18 S. W., 578; Ex parte Francis, by our Court of Criminal Appeals, 165 S. W., 147, and authorities therein cited.

I think the statute here in question should be held valid.

When opportunity offers I will state my views more fully.