ROPER & GILLEY v. J. C. LUMPKINS ET AL.

No. 2762.   Decided April 6, 1921.

(230 S. W., 144.)

Constitutional Law—Pool Rooms—Case Followed.

The ruling in Ex parte Mitchell, 109 Texas, 11, holding the Local Option Pool Hall Law unconstitutional, is followed and held to control this case. (Pp. 107, 108).

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Ellis County.

Roper and Gilley, being denied an injunction restraining the Commissioners Court of Ellis County from holding an election therein under the Pool Room Law, appealed and on affirmance (163 S. W., 110) obtained writ of error.

*Jones & Hassell,* for plaintiffs in error.—The law by authority of which the commissioners court of said county was acting and purported to act, is null and void because: (1) It is an attempt upon the part of the Legislature to delegate to the voters of said county and to the commissioners' court the right to enact a law for the government of its citizens, which right is exclusively invested in the legislature.   (2)   Said act is in conflict with section twenty-eight of the Bill of Rights in that it attempts to confer upon the voters of said county and the commissioners' court of said county the right to suspend the laws of this state, which right is exclusively invested in the legislature.   Constitution, art. 3, sec. 1; State v. Swisher, 17 Texas, 441; Willis v. Owen, 43 Texas, 41; Ex Parte Farnsworth, 135 S. W., 535; Southwestern T. & T. Co. v. City of Dallas, 104 Texas, 114, 134 S. W., 321; Brown v. City of Galveston, 75 S. W., 488; Brown Cracker Co. v. City of Dallas, 104 Texas, 290, 137 S. W., 342; Arroyo v. State, 69 S. W., 504; Wright v. Cunningham, 91 S. W., 293.

No briefs were on file for defendants in error.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The decision of this case turns upon the constitutionality of the Local Option Pool Hall Law enacted by the Thirty-third Legislature. That law was held unconstitutional by this Court in Ex Parte Mitchell, 109 Texas, 11, 177 S. W., 953.   This holding was afterwards concurred in by the Court of Criminal Appeals, that court receding from the former holding of a majority of its members upon the question, from which former holding Presiding Judge Davidson had

dissented. Lyle v. State, 80 Texas Criminal, 606; 193 S. W., 680.

The decision in Ex Parte Mitchell controls the case, and accordingly the judgments of the Court of Civil Appeals and District Court are reversed and judgment is here rendered for the plaintiffs in error.