## STEPHENSEN et al. v. WOOD et al.
### No. 9476.

Court of Civil Appeals of Texas. Galveston.
April 10, 1930.

Rehearing Withdrawn at Joint Request
Feb. 19, 1931.

Levy & Levy, of Galveston, for appellant.

Robert Lee Bobbitt, Atty. Gen., and Jack Blalock, Asst. Atty. Gen., for appellees.

LANE, J.

This suit was brought by F. P. Stephensen, for himself and on behalf of all licensed market fishermen residing in Galveston county, Tex., against A. E. Wood, as chairman, and all other members, of the Game, Fish and Oyster Commission of the State of Texas, and against certain other named defendants charged with the administration and enforcement of article 941 of the Penal Code, as amended by the Forty-First Legislature of the State of Texas at its Regular Session, otherwise known as Senate Bill No. 88, chapter 119, § 1, Acts of the Regular Session of the Forty-First Legislature (1929), Vernon's Ann. P. C. art. 941.

Plaintiffs alleged that said article closed the waters of Galveston Bay against fishing with nets and/or seines, which instruments were the only means by which fish could be obtained in commercial quantities and for market purposes. They further alleged that while said law closed Galveston Bay, it left open to commercial fishing other tidal waters of this state; that plaintiffs were and had been lawfully engaged in the fishing business for many years prior to the enactment of said statute, and had in their possession valuable nets, seines, and other paraphernalia which were rendered useless and valueless by said law, alleging that the value of each of said nets or seines was approximately $400, and that such instruments were lawfully in their possession long before said law became effective; that said article 941 is a penal statute and not only makes such use of nets and/or seines a criminal offense, but also prohibits the possession thereof on Galveston Bay, and other waters mentioned therein, unless plaintiffs first obtain a permit from the Game, Fish and Oyster Commissioner of the State of Texas; that said article further provides that the Game, Fish and Oyster Commissioner of the State of Texas had the power and right to seize and hold nets, seines, or other tackle in his possession as evidence until after the trial of any persons charged with violation of the law; and that no suit can be main-

tained against such officer because of such seizure.

That under article 978f of the Penal Code of the State of Texas, as adopted by the Forty-First Legislature at its Regular Session, c. 118, which was made effective September 1, 1929 (Vernon's Ann. P. C. art. 978f), the office of the Game, Fish and Oyster Commissioner was abolished, and at the time said article 941 became effective on January 1, 1930, there was no such office or officer in the state of Texas as the Game, Fish and Oyster Commissioner who could exercise the rights and power created and conferred by said article 941; that said article 941 is unconstitutional and particularly violates the following sections of the Constitution of the State of Texas:

(1) Article 1, § 19, being commonly known as the due process clause.

(2) Article 1, § 16, prohibiting the enactment of retroactive laws.

(3) Article 2, § 1, prohibiting an executive or administrative officer from legislating or attempting to make laws.

(4) Article 1, § 3, prohibiting special and discriminatory legislation.

(5) Article 3, § 57, prohibiting the enactment of local and special laws without publication of notice in the locality affected.

That article 941 violates section 1 of the Fourteenth Amendment to the Constitution of the United States, known as the due process clause under the Federal Bill of Rights, and that said article 941 is invalid because it is so indefinitely framed and in violation of article 6 of the Penal Code of the State of Texas; that their valuable private property rights would be destroyed if said article were enforced, and with the suit they seek to protect themselves from irreparable damage and injury by injunction.

The defendants answered, filing: (a) A plea in abatement on the grounds that the suit was one against the state of Texas and had been filed without its permission; (b) a plea denying jurisdiction of the court because the suit was one to restrain the enforcement of a criminal statute; (c) a general demurrer; (d) a general denial, and a special denial of each of plaintiffs' allegations.

The trial judge entered a temporary restraining order on December 24, 1929, which was continued in force and effect until January 18, 1930, when by agreement between counsel the case was submitted on the application for a temporary injunction.

Upon such submission, the court entered an order dissolving the temporary restraining order theretofore entered. F. P. Stephensen has appealed.

By Senate Bill No. 83, passed by the Forty-First Legislature September 1, 1929 (Acts Regular Session Forty-First Legislature, page 265, c. 118 [Vernon's Ann. P. C. art. 978f]),

the office of Game, Fish and Oyster Commissioner of this state was abolished and the present Game, Fish and Oyster Commission was created with authority, powers, duties, and functions theretofore vested in the Game, Fish and Oyster Commissioner, except where such former authority, powers, and duties theretofore conferred upon the Game, Fish and Oyster Commissioner conflict with the provisions of Senate Bill No. 83.

By section 4 of said act (Vernon's Ann. P. C. art. 978f, § 4) it is provided that:

"Said Game, Fish and Oyster Commission is hereby authorized to make such rules and regulations for the conduct of its work and the work of the Game, Fish and Oyster Commission as may be deemed necessary, not inconsistent with the Constitution and laws of this State."

Senate Bill No. 88, passed by the Forty-First Legislature, which became effective January 1, 1930 (Acts Regular Session Forty-First Legislature, 1929, c. 119, designated as article 941 [Vernon's Ann. P. C. art. 941]), among other things which are not necessary to be here stated, provides that:

"It shall be unlawful for any person to place, set, use or drag any seine, net or other device for catching fish and shrimp other than the ordinary pole and line, casting rod and reel, artificial bait, trot line, set line, or cast net or minnow seine of not more than twenty feet in length for catching bait, or have in his possession any seine, net or trawl without a permit issued by the Game, Fish and Oyster Commissioners or by his authorized deputy in or on any of the waters of any of the bays, streams, bayous or canals of * * *."

Then follows a list of certain counties, including Galveston county and certain waters of the state.

By sections 1a, 1b, 1c, and 1f and 1g of the act it is provided as follows:

"Sec. 1a. Provided that it shall be unlawful for any person to drag any seine, or use any drag seine, or shrimp trawl for catching fish or shrimp, or to take or catch fish or shrimp with any device other than with the ordinary pole and line, casting rod, rod and reel, artificial bait, trot line, set line, or cast net, or minnow seine of not more than twenty feet in length for catching bait, or to use a set net, trammel net or strike net, the meshes of which shall not be less than one and one-half inches from knot to knot, in any of the tidal bays, streams, bayous, lakes, lagoons, or inlets, or parts of such tidal waters of this State not mentioned in Section 1 hereof.

"Sec. 1b. Provided that shrimp trawls may be used for taking shrimp in Matagorda Bay, San Antonio Bay or that part of Aransas Bay and all that part of Corpus Christi Bay not mentioned in Section 1.

"Sec. 1c. Provided that it shall be unlawful to attach to any set net, strike net or trammel net used in any of the waters of any of the tidal bays, streams, bayous, lakes, lagoons, or inlets of this State, any cork line or lead line of a size greater than one-fourth inch in diameter."

"Sec. 1f. Any person who shall violate any of the provisions of this Article shall be deemed guilty of a misdemeanor, and on first conviction shall be fined in a sum not less than twenty-five ($25) dollars nor more than one hundred ($100) dollars; and on second or more convictions shall be fined in a sum of not less than one hundred ($100) dollars nor more than two hundred ($200) dollars and his fisherman's license or dealer's license or both shall be automatically conceled and he shall not be entitled to receive another fisherman's license or dealer's license for one year from the date of his conviction; and provided that the Game, Fish and Oyster Commissioner of Texas or his deputy shall have the power and right to seize and hold nets, seines or other tackle in his possession as evidence until after the trial of defendant and no suit shall be maintained against him therefor.

"Sec. 1g. All laws or parts of laws in conflict herewith are hereby expressly repealed."

Appellants contend that the court erred in dissolving the temporary injunction and in not perpetuating same, in that Senate Bill, No. 88, art. 941, is void, in that its provisions violate the following provisions of the State Constitution: (1) Section 57 of article 3; (2) section 19 of article 1; (3) section 1 of article 2; and (4) section 16 of article 1; and that it is in violation of section 1 of the Fourteenth Amendment of the Constitution of the United States, and of article 6 of the Penal Code of this state, and section 10 of article 1 of the State Constitution.

Appellants first insist that as it is provided by section 57 of article 3 of the State Constitution that:

"No local or special law shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into the legislature of such bill and in the manner to be provided by law. The evidence of such notice having been published shall be exhibited in the legislature before such act shall be passed."

And by article 2 of the Revised Civil Statutes of this state that:

"Any person intending to apply for the passage of any local or special law shall give notice of such intention by having a statement of the substance of such law published in some newspaper published in the county embracing the locality to be affected by said law,

at least once each week for the period of thirty days prior to the introduction into the Legislature of such contemplated laws."

And that since it is admitted by appellees that no such notice as required by the Constitution or statutes was published prior to the enactment of the act complained of, such act is void and its provisions cannot be lawfully enforced against appellants.

■ The first inquiry that arises is: Is the law attacked a local or special law? The words "local law" and "special law," as used in sections 56 and 57 of article 3 of the State Constitution, are, we think, used as synonymous terms. Lastro v. State, 3 Tex. App. 363; Cordova v. State, 6 Tex. App. 208.

The first paragraph of section 56 declares that "the legislature shall not, except as *otherwise* provided in this constitution, pass any *local or special law authorizing;*" (Then follows the naming of a number of subjects. Italics ours.)

The last paragraph of such section reads as follows:

"And in all other cases where a general law can be made applicable, no local or special law shall be enacted; provided, that nothing herein contained shall be construed to prohibit the legislature from passing special laws for the preservation of the game and fish of this state in *certain localities.*" (Italics ours.)

■ It occurs to us that by the paragraph last quoted the framers of the Constitution meant to declare that nothing in the Constitution should prohibit the Legislature from passing laws, "special or local," for the preservation of the game and fish of this state, whether made to apply to the whole state or to certain localities without notice required in the passage of laws relative to the subjects mentioned in sections 56 and 57 of article 3 of the Constitution.

We are reinforced in such conclusion by the construction which has evidently been placed on the Constitution in question by the several Legislatures of this state, evidenced by the passage of many laws without notice, found in chapter 6 of our Penal Statutes, relating to game, fish, and oysters. See articles 880, 916, 923g, 923i, 923k, 923l, 928, 941a, 952, and many others.

In State v. Corson, 67 N. J. Law, 178, 50 A. 780, it was held that a statute is not special or local, within the meaning of the Constitution, merely because it prohibits the doing of a thing in a particular locality, but is general if it applies equally to all citizens and deals with a matter of general concern of the citizens. The rule above announced is quoted with approval in Logan v. State, 54 Tex. Cr. R. 74, 111 S. W. 1028.

■ We think the rule announced in the case cited is sound and should be followed

in the present case. Unquestionably the law under discussion in the present case, in so far as it prohibits the taking of fish by means of seines, nets, etc., from the waters named therein, applies equally to all citizens of this state or elsewhere within the United States; that it deals with a matter of general concern of all the citizens of this state; none are permitted to take fish from such waters, whether they live in Galveston county or in any other county; and all are equally permitted to take fish from such waters in any manner not prohibited by law, whether they live in Galveston county or elsewhere.

In Clark v. Finley, 93 Tex. 173, near bottom of page 180, 54 S. W. 343, 346, it is said:

"And again it is held that a statute, although its enforcement be restricted to a fixed locality, is not local in its character if persons or things throughout the state be affected by it. Williams v. People, 24 N. Y. 405; Healey v. Dudley, 5 Lans. [N. Y.] 115."

In Reed v. Rogan, 94 Tex. 177, at page 183, 59 S. W. 255, 257, it is said:

"It has been well said that 'a law is not local that operates upon a subject in which the people at large are interested.' Healey v. Dudley, 5 Lans. [N. Y.] 115."

In referring to the case of Reed v. Rogan, the court in Smith v. State, 54 Tex. Cr. App. 298, 113 S. W. 289, 294, said:

"In the last-cited case the principle is laid down that where the public at large have an interest in the matter, and the legislation merely applies to a locality, but affects all who live in said locality, or whose interests may be drawn to same, that the law is a general law, and not a special one."

An act of the Legislature for the protection of the fish of the state, as does the act under consideration, is not a "local" or "special" law, in the sense in which such terms are used in sections 56 and 57 of article 3 of the Constitution. Such an act is not a general subject—the protection of the fish of the state, the property of all the people of the state—which cannot be said to affect the welfare and interest of any special locality alone.

We are also of opinion that by the last clause of section 56 of article 3 of the Constitution the authority of the Legislature to pass such laws as the one under consideration without the notice mentioned in section 57 of article 3 is specifically reserved. As we have already stated, we think the terms "local laws" and "special laws" were used by the framers of the Constitution in sections 56 and 57 of article 3 as synonymous terms.

By appellants' third proposition and the argument thereunder, it is substantially insisted that the law under consideration as passed by the Legislature does not declare that it shall be unlawful for one to have in his or her possession any seine, net, or trawl on any of the waters of the bays, streams, bayous, and canals and other waters mentioned in section 1 of the act, nor does it provide for the infliction of a penalty against any person having such seine, net, or trawl on such waters, but the Legislature has attempted, by that part of the act which provides in effect that it shall be unlawful for any person to have in his posession, on any of the waters named, any seine, net, or trawl without the permission or consent of the Game, Fish and Oyster Commissioners, to confer upon such commissioners authority to create a penal law. In other words, that such part of the act is an attempt on the part of the Legislature to make it optional with the commissioners to make it a penal offense to have any seine, net, or trawl on the waters mentioned, without designating any stipulation as to when and under what conditions the permission to have such seine, net, or trawl on such waters shall or may be granted, or to refrain from making such act a penal offense by granting the permission mentioned.

Appellants insist that the attempt on the part of the Legislature to confer upon the commissioners authority to determine when and under what circumstances and conditions the possession of seines, nets, and trawls on the waters mentioned shall constitute a penal offense, is in violation of article 3, section 1 of the Constitution of this state, which expressly provides that the legislation of this state shall be vested in the Legislature of the state, and is therefore void and unenforceable.

This contention of appellants should be sustained. That the Legislature has no power to confer upon a commission, bureau, or agent of the state the power to make a law is well settled in this state, not only by the provisions of article 3, § 1, of the Constitution, but by the uniform opinions of our courts. Article 3, § 1, State Constitution; Ex parte Leslie, 87 Tex. Cr. R. 476, 223 S. W. 227, 229; Jannin v. State, 42 Tex. Cr. R. 631, 51 S. W. 1126; 62 S. W. 419, 53 L. R. A. 349, 96 Am. St. Rep. 821; Stockwell v. State, 110 Tex. 550, 221 S. W. 932, 12 A. L. R. 1116; Ex parte Mitchell, 109 Tex. 11, 177 S. W. 953; State v. Swisher, 17 Tex. 441; Crossman v. Galveston, 112 Tex. 303, 247 S. W. 810, 26 A. L. R. 1210.

The case most directly in point is Ex parte Leslie, supra, wherein the Supreme Court, speaking through Mr. Justice Morrow, said:

"The possession by relator of cattle which had not been dipped is not made by law an offense. It becomes an offense only when a proper rule made by the livestock sanitary commission, and promulgated according to law, has been violated. The law is incom-

plete in failing to describe with some degree of certainty the rule with reference to notice, which it is intended by the legislature the commission is authorized to make, to the end that one accused of its violation may look to the law to determine the authority to make the rule, and the court, in passing upon the reasonableness, may ascertain the legislative will from the law as written. The law being silent upon this subject, the relator cannot be punished for refusing to obey the command of the commission or its agents. Power cannot be conferred upon them to make an offense. Jannin v. State, supra; Ruling Case Law, vol. 6, pp. 181—183. * * * The power to make laws is placed by the people, through the Constitution, upon the Legislature. The rights of individuals are guarded by restrictions touching the enactment and publication of laws, and the privilege is afforded of presenting by petition or appearance before the legislative committees opposition to proposed enactments affecting the property or the liberty of the citizen."

Such being the declaration of our Constitution and the uniform holding of our Supreme Court, we hold, as it becomes our duty so to do, that so much of the act under consideration as attempts to make it a penal offense for one to have in his possession seines, nets, or trawls on the waters mentioned in section 1 thereof, is unconstitutional and void.

As we have held the law not violative of either the fifty-sixth or fifty-seventh sections of article 3 of the Constitution, and that that part of the act attempting to confer powers of legislation on the commissioners, whereby the seizure and retention of seines, nets, and trawls is sought to be authorized, is unconstitutional, it becomes unnecessary to discuss the further contentions of appellants to the effect that the act in so far as it authorizes the seizure of seines, nets, and trawls of persons and attempted to make it a penal offense to have such equipment on the waters mentioned, would deprive the citizens of their valuable properties without due process of law, and that it would be, if sustained, unlawful as a retroactive law.

The conclusions above stated require an affirmance of the judgment in so far as it dissolves the injunction restraining appellees from enforcing the statute above quoted prohibiting the catching of fish in the waters described in the statute by the means therein prohibited; but in so far as the judgment dissolves the injunction restraining appellees from enforcing the provisions of the statute prohibiting the possession on the waters therein named of seines, nets, and trawls the judgment is reversed and judgment here rendered for appellants.

Affirmed in part; reversed and rendered in part.