

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Nov. 15, 1947

Hon. James C. Martin
County Attorney
Nueces County
Corpus Christi, Texas

Opinion No. V-431

Re: Constitutionality of H.B.
380, Acts 50th Legisla-
ture, R.S., 1947, per-
taining to taking and
sale of shrimp.

Dear Sir:

You request a ruling relative to the constitu-
tionality of House Bill 380, being Chapter 187, Acts of
the 50th Legislature, 1947, Regular Session, page 149,
amending V. P. C., Art. 952 L-11, pertaining to the tak-
ing and sale of shrimp. You state:

"It is contended by some parties that
House Bill No. 380 is unconstitutional in view
of the provisions of said law which permits to
be legally used in Galveston County, Texas, a
board not more than 20" wide, and not more than
60" long, and in other counties of the State,
a board not more than 12" wide and not more
than 18" long. Those contending the law to be
unconstitutional maintain it violates the Texas
Constitution in that it is discriminatory, and
is a local or special law."

The particular paragraph which you refer to is
found in Vernon's Annotated Penal Code, Article 952 L-11,
as amended, and reads as follows:

"Sec. 1. . . . .

"It shall be unlawful for any person to
take or assist in the taking of shrimp from
the inland waters of this State by the use
and operation of a bait trawl towed by a
power boat, which said bait trawl shall be
more than ten (10) feet at the mouth, as
measured along the webbing attached to the
cork line, or twenty-five (25) feet in
length, or by the use and employment of

doors or other boards to spread and open
said bait trawl which are of greater size
or dimension than twelve (12) by eighteen
(18) inches, or to tow or assist in the
towing of more than one such bait net or
trawl from a power boat, or to tow other
boats engaged in taking bait shrimp; and
it shall be unlawful for any person opera-
ting a bait trawl to have on board any boat
any amount of bait shrimp during the clos-
ed season in inland waters as above provid-
ed in excess of one hundred and fifty (150)
pounds of shrimp in their natural state
with heads attached. Provided that during
such closed season in Galveston County it
shall be lawful to take shrimp for bait by
the use and employment of doors or boards
of not greater dimension than twenty (20)
by sixty (60) inches and to possess not
more than two hundred and fifty (250)
pounds of shrimp with heads attached. . . ."

The State is the owner of the fish, shrimp and
other products of the tidal waters of the Gulf of Mexico
within the jurisdiction of this State. Article 4026, V.
C. S.; Raymond v. Kibbe, 95 S.W. 727, 729, 730; Stephen-
son v. Wood, 34 S. W. (2d) 246, 119 Tex. 964; Tuttle v.
Wood, 35 S. W. (2d) 1061, writ refused; McCready v. Vir-
ginia, 94 U. S. 391, 24 L. Ed. 248; Geer v. Connecticut,
161 U. S. 519.

Article III, Section 56 of the Texas Constitu-
tion, after prohibiting the Legislature from passing
"any local or special law" in certain enumerated instan-
ces, contains the following provision:

". . . . provided, that nothing herein
contained shall be construed to prohibit the
Legislature from passing special laws for the
preservation of the game and fish of this State
in certain localities."

In Stephensen v. Wood, Civil Appeals, 35 S. W.
(2d) 794, the Galveston Court in construing this provi-
sion of the statute said:

"It occurs to us that by the paragraph
last quoted the framers of the Constitution
meant to declare that nothing in the Consti-
tution should prohibit the Legislature from

passing laws, 'special or local,' for the
preservation of the game and fish of this
state, whether made to apply to the whole
state or to certain localities without no-
tice required in the passage of laws rela-
tive to the subjects mentioned in sections
56 and 57 of article 3 of the Constitution."

It is immaterial that a game law applies to
some counties and not to others or that different laws
apply to different counties. The counties, as such, have
no right to complain that the game laws applicable to it
are different from the game laws applicable to certain
other counties. For instance, there are very few coun-
ties that have the same squirrel laws. Whatever the law
is in a particular county, it applies equally and with-
out discrimination to all persons in the county. The
State owns the fish and game, which are ferae naturae,
and through its Legislature it may prohibit their tak-
ing altogether, or place such restrictions on their tak-
ing, as it may see fit, either as to the place or the
means of taking, or both. See authorities cited above.

In Tuttle v. Wood, San Antonio Court of Civil
Appeals, 1930, 35 S. W. (2d) 1061, the court said:

". . . . It must be conceded that the
state has the inherent power, to be exercis-
ed through the Legislature, to regulate the
taking of fish and shrimp from its public
waters, and to prohibit from time to time such
taking, in order to conserve those natural re-
sources for the ultimate benefit of all the peo-
ple. So long as that power is reasonably exer-
cised by the legislative authority, no other
branch of the government may interfere there-
with. Ordinarily, the necessity or reasonable-
ness of regulation or prohibition in specific
cases, for the time being, are left to the dis-
cretion of the Legislature, whose determination
thereof, in the exercise of a sound discretion,
is conclusive upon the courts. . . ."

The Legislature of Texas is authorized to en-
act special laws for the preservation of game and fish
without notice required for the passage of "special or
local laws", and it is immaterial that such laws apply
to certain localities and not to others.

## SUMMARY

House Bill No. 380 (Acts 50th Leg. 1947, Ch. 187, p. 149) amending Art. 952, L-11, V. P. C., pertaining to the taking and sale of shrimp, and providing that there may be used in Galveston County, Texas in a bait trawl for the taking of shrimp, a board not more than 20" wide and not more than 60" long, and in other counties of the State a board not more than 12" wide nor more than 18" long, is constitutional.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          David Wuntch
            Assistant

APPROVED

ATTORNEY GENERAL

DW:mw:jr