

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 16, 1964

Honorable T. C. Chadick          Opinion No. C-268
President
Texas Civil Judicial Council     Re: Constitutionality of
400 Texas City Hall                  submitted draft of a
Texarkana, Texas                     bill to create the
                                     Texas Judicial Redis-
Dear Mr. Chadick:                    tricting Board.

You have requested an opinion of this office concerning the constitutionality of a submitted draft of a bill to create the Texas Judicial Redistricting Board.

Section 1 of the proposed draft contains a declaration of policy. Section 2 contains definitions of terms used in the draft. Section 3 provides for the creation of the Texas Judicial Redistricting Board. Section 4 reads as follows:

"Duties of the Board. The Board shall apportion the State into judicial districts by designating the county or counties to be included in each of the judicial districts of the State, and shall subsequently apportion the State into judicial districts from time to time as the necessity therefor appears. Apportionment shall be on an affirmative vote of at least seven members of the Board, and shall be filed with the Secretary of State."

Section 5 provides the conditions for apportioning the State into judicial districts by the Texas Judicial Redistricting Board. Section 6 provides:

"Power of Legislature. The Legislature may, after an apportionment hereunder is filed with the Secretary of State but before the effective date thereof, by joint resolution of its Senate and House of Representatives adopted at a regular or called session of such Legislature, declare that such apportionment shall not be effective. If such a joint resolution is adopted by the Legislature, then such apportionment shall be of no force and effect, and shall be null and void without further action."

-1288-

Section 7 provides for the filing of an apportionment by the Board with the Secretary of State and provides that unless the Legislature has adopted a joint resolution declaring that such apportionment shall not be affected, the apportionment made by the Board "shall have the force and effect of law." Section 8 provides the postponement of effective date of the change of territory comprising the judicial district by apportionment. Section 9 provides:

"Jurisdiction of County Courts. In any county of this State where the jurisdiction vested by general law in the county court, or any part thereof, has been transferred and vested in a district court, and where such county is removed, by apportionment hereunder, from all judicial districts in the district courts of which such county court jurisdiction had been vested, the said jurisdiction vested by general law in the county court shall be re-vested in the county court of such county, as of the effective date of such apportionment. All cases and proceedings within such county court's jurisdiction on the docket of any district court on such effective date, together with all records, documents and instruments on file in connection therewith, shall be transferred by the district clerk and the clerk of the county court of such county to such county court, and the district court shall exercise no further jurisdiction over them."

Section 10 provides for transfer of records, documents and instruments required by an apportionment and Sections 11 and 12 prescribe the powers of the courts to which such dockets are transferred. Section 13 provides for concurrent jurisdiction of district courts when a county is located in two or more judicial districts. Section 14 provides for the terms of court. Sections 15, 16, 17 and 18 provide for duties of district clerks, sheriffs and constables, county and district attorneys and other officers of the court. Section 19 provides for quarters of the court. Section 20 contains a repealing clause; Section 21 a severability clause.

The foregoing constitutes a summation of the provisions of the draft submitted to this office. It is noted that the territorial limits of the judicial districts of this State are left to the discretion of the Texas Judicial Redistricting Board within the limits prescribed by Section 5. It is further noted that Section 9 prescribes the jurisdiction of various county and district courts. It is our opinion that the provisions of the submitted draft constitute an unlawful delegation of legislative

Hon. T. C. Chadick, page 3 (C-268 )

power. State v. Swisher, 17 Tex. 441 (1854). Lyle v. State, 80 Tex.Crim. 606, 193 S.W. 680 (1917). Ex parte Mitchell, 109 Tex. 11, 177 S.W. 953 (1915), Attorney General's Opinion C-220 (1964).

In Attorney General's Opinion C-220 (1964), this office stated:

"It is our opinion that the power and duty of the Legislature to prescribe fees for the county clerks of this State is not such a power as may be delegated to the commissioners court contingent upon the written request of the clerk. It is neither impractical nor impossible for the Legislature to determine what fees are to be prescribed; quite the contrary, the Constitution places this duty on the Legislature and the Legislature has exercised this power throughout the years. It is therefore our opinion that the provisions of Article 3930a, Vernon's Civil Statutes, making the fees prescribed therein subject to the adoption of the Act by the commissioners court following request by the clerk, are unconstitutional, as being an unlawful delegation of legislative power. Since these provisions are not capable of being severed without changing the intent of the Legislature, it is our opinion that the entire Act must fall. You are therefore advised that the provisions of Article 3930a are invalid."

It is our opinion that the principles of law announced in Attorney General's Opinion C-220 and the authorities cited therein are equally applicable to the subject matter of the submitted draft.

Section 1 of Article V of the Constitution of Texas provides in part:

". . .

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

Section 7 of Article V of the Constitution of Texas provides in part:

"The State shall be divided into as many judicial districts as may now or hereafter be provided by law, which may be increased or diminished by law. . . . The Legislature shall have power by General or Special Laws to make such provisions concerning the terms or sessions of each Court as it may deem necessary.

" . . ."

Section 22 of Article V of the Constitution of Texas provides:

"The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of County Courts; and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change."

Section 27 of Article V of the Constitution of Texas provides:

"The Legislature shall, at its first session, provide for the transfer of all business, civil and criminal, pending in District Courts, over which jurisdiction is given by this Constitution to the County Courts, or other inferior courts, to such County or inferior courts, and for the trial or disposition of all such causes by such County or other inferior courts."

In construing the provisions of Section 7 of Article V of the Constitution of Texas, the Court of Criminal Appeals stated in Pierson v. State, 177 S.W.2d 975 (Tex.Crim. 1944):

"The Legislature was enjoined to divide the State into as many different districts as to it appeared proper.

" . . .

"It thus appears that: (a) District courts, that is, the courts themselves, the jurisdiction thereof, and the qualifications of the judges to

preside over the courts, were defined and fixed by the Constitution; and (b) to the Legislature, and that body alone, was given the exclusive authority to create such courts, to fix the territorial jurisdictions thereof, and to determine the number of such courts authorized to exist in this state. The power to create district courts, of necessity, carries with it the equal power to destroy and this power of destruction is as exclusive in the Legislature as the power to create. . . ."

The powers and duties of the Legislature prescribed by the above-quoted provisions of the Constitution of Texas are not such powers as may be delegated to another agency. The submitted draft delegates to the Texas Judicial Redistricting Board created therein the power prescribed by the Constitution to the Legislature. You are therefore advised that the submitted draft of a bill to create the Texas Judicial Redistricting Board is invalid.

## SUMMARY

The submitted draft of a bill to create the Texas Judicial Redistricting Board with powers to apportion the State into judicial districts is unconstitutional and invalid since the same constitutes an unlawful delegation of legislative power prescribed by the provisions of Sections 1, 7, 22 and 27 of Article V of the Constitution of Texas.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:sj

Hon. T. C. Chadick, page 6 (C-268 )


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Hawthorne Phillips
Pat Bailey
Paul Phy
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone