

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 27, 1971

Honorable Don Kennard
Chairman, Senate Committee
    on Public Health
State Capitol
Austin, Texas

Opinion No. M-875

Re: Constitutionality of
    House Bill 166, 62nd Leg.,
    Regular Session, relating
    to the establishment of a
    schedule of abused drugs
    by rule and regulation of
    the State Board of Pharmacy,
    and the dispensing of
    abused drugs.

Dear Senator Kennard:

You have requested the opinion of this office as to the
constitutionality of House Bill 166, which would amend
Article 726d, Vernon's Penal Code, the Texas Dangerous Drug
Act, by adding a new section which reads as follows:

"Section 16. (a) The said Board of Pharmacy
shall establish a schedule of abused drugs in
conformity with the schedules set out in the
Federal Comprehensive Drug Abuse Prevention
and Control Act. Any new drug or a drug con-
taining any narcotic which is being abused or
may be abused may be put on the schedule of
abused drugs by the State Board of Pharmacy.
Such determination shall be made only after
ten (10) days notice of hearing has been delivered
to the manufacturer of such drug or preparation
and a hearing pursuant to such notice has been
held. Appeals from the decision of the Board
shall be in the same manner as other appeals from
action of the Board as provided in Section 12
of Article 4542a, Vernon's Texas Civil Statutes.

-4267-

"(b) In making the determination regarding the drug, the State Board of Pharmacy shall consider the following:

"(1) the actual or relative potential for abuse;

"(2) the scientific evidence of its pharmacological effect, if known;

"(3) the state of current scientific knowledge regarding the substance;

"(4) the history and current pattern of abuse;

"(5) the scope, duration, and significance of abuse;

"(6) the risk to the public health; and

"(7) the potential of the substance to produce psychic or physiological dependence liability.

"(c) The Board shall not place on the schedule of abused drugs any non-narcotic drug or preparation which may, under the Federal Food, Drug, and Cosmetic Act and the law of this State, be lawfully sold over the counter without a prescription.

"(d) Any drug placed on the schedule of abused drugs by the State Board of Pharmacy may not be sold or dispensed except under the rules and regulations provided by the Board or may not be dispensed to an ultimate user without a written or oral prescription, except when dispensed directly by a practitioner to an ultimate user. Such prescriptions may not be filled or refilled more than six months after the date on which they were issued or be refilled more than five times after the date of the prescription unless renewed by the practitioner."

We are also advised that your Committee has adopted Committee Amendments 1 and 2. Committee Amendment No. 1 adds the following sentence to Section 16(d) of House Bill 166:

> "The rules and regulations promulgated hereunder shall in no manner be enforced by the imposition of any penalties in Section 15 hereof; any violation of such rules and regulations may be enforced by the Board of Pharmacy against any licensee of that Board in the same manner as provided in Section 12 of Article 4542a, for revocation, cancellation or suspension of licenses granted by such Board, and against non-licenses by injunction as provided in Section 5 of Article 4542a."

Committee Amendment No. 2 strikes the phrase "non-narcotic" from Sub-section (c) of Section 16, quoted supra.

We are also advised that your Committee has under consideration a proposed Committee Amendment No. 3, which would strike the phrase "or a drug containing any narcotic" from Sub-section (a) of Section 16, quoted supra.

You have requested that we consider the effect of the aforementioned Committee Amendments and the proposed Committee Amendment in preparing this opinion.

Our initial comments will deal with the bill in its present form, including Committee Amendments 1 and 2. It is a general rule that the Legislature may not delegate its legislative powers, except as expressly permitted in the Constitution, and any attempt to commit those powers to another agency is invalid. In re Mitchell, 109 Tex. 11, 177 S.W. 953 (1919). However, the Legislature possesses many powers that may be exercised by it either directly or through the agency of another body. Spears vs. San Antonio, 110 Tex. 618, 223 S.W. 166 (1920). If the Legislature has prescribed sufficient standards to guide the discretion conferred, the power is not legislative and a delegation is lawful. When the Legislature cannot practically or efficiently perform the functions required, it has the authority to designate

some agency to carry out the purposes of such legislation. The general rule in determining the validity of a delegated power is that the Legislature may declare the policy and fix the primary standard. It may then confer on administrative officials the power to fill in the details by prescribing rules and regulations to promote the spirit of the legislation and to carry it into effect. <u>Margolin v. State</u>, 205 S.W.2d 775 (Ct.Crim.App., 1947).

With the foregoing principles in mind, it is our view that House Bill 166 does not convey an unconstitutional delegation of authority to the State Board of Pharmacy, in that the criteria to be applied in placing drugs upon the abused list are clearly set forth and are complete within themselves.

In addition to your question as to the delegation of legislative function, you asked in your opinion request whether the provisions of the Act authorize the Board of Pharmacy to amend the Penal Code by regulation. You also asked whether the effect of House Bill 166 would be to authorize the Board of Pharmacy to modify or repeal Sections 8, 9 and 23 of Article 725b, Vernon's Penal Code. After careful study, we are of the view that the provisions of House Bill 166, as it is presently constituted, do not authorize the State Board of Pharmacy to amend any portion of the Penal Code by regulation, and, specifically, this Bill does not delegate authority to the said Board to modify or repeal any sections of Article 725b, V.P.C. This problem apparently arises from the phrase "or a drug containing any narcotic", contained in the second sentence of the new Section 16(a) of House Bill 166. All presently existing drugs containing narcotics are either prohibited, required to be dispensed on prescription, or expressly exempt under Section 8, Article 725b. Therefore, if the Bill in its present form is valid, the Board of Pharmacy would apparently be authorized to impose an additional regulation upon the drugs that are listed as exempt in the aforesaid Section 8.

After making the express findings required in order to place a drug upon the abused list, the sanctions that may be imposed by the State Board of Pharmacy are limited to administrative action against the license of a pharmacist or injunctive action against a non-licensee. While we recognize that the problem is a serious one and that valid arguments exist on both sides of the question, we take the view that the exempt preparations listed in Section 8 of Article 725b have been so exempted because of the unlikelihood of such preparations being abused and their value as easily accessible household remedies. Four of the required findings by the Board deal with actual abuse being made of a particular drug. Thus, in order to place a drug upon the abused list the State Board of Pharmacy must make findings that are contrary to the reasons for which the particular preparations were initially placed on the exempt list. Further, the authority that could be exerted by the State Board of Pharmacy under House Bill 166 could not have the effect of increasing or decreasing the felony penalties that are imposed by Article 725b in any way. The sanctions that may be imposed by the State Board of Pharmacy are administrative in nature and reflect a different aspect in dealing with a complex problem.

You are accordingly advised that it is the opinion of the Attorney General that House Bill 166, as submitted to this office, is constitutional.

The proposed Committee Amendment 3, deleting the phrase "or a drug containing any narcotic", if adopted, would have the effect of limiting the scope of House Bill 166 to new drugs only, and would remove any present discussion as to the possible effects of placing an exempt drug upon the abused list. In view of our discussion above, it is our opinion that Committee Amendment No. 3 is not essential to the constitutionality of House Bill 166.

### S U M M A R Y

House Bill 166, 62nd Legislature, Regular Session, as amended by Committee Amendments 1 and 2, is constitutional.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Pat Bailey

Larry Craddock

Wardlow Lane

Rex White, Jr.


MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant